UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAWAYNE LEE TURNER, | No. 2:16-cv-0791 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DOLLY MATTUECCI, | |
| Respondent. | |

On January 24, 1996, Sacramento County Superior Court entered judgment based on petitioner's not-guilty by reason of insanity plea in People v. Turner, No. 94F04029. (Respondent's Lodged Document ("LD") 1.) On March 1, 1996, petitioner was civilly committed to the California Department of State Hospitals ("DSH") for the maximum term of 19 years. (LD 1.) On April 25, 2016, the petition to extend petitioner's custody was dismissed based on insufficient evidence. (LD 2; see also Cal. Penal Code § 1026.5.[1]) On May 4, 2016, petitioner was discharged from DSH custody. (LD 2.)

On April 18, 2016, petitioner filed the instant action. On January 24, 2017, respondent filed a motion to dismiss for lack of jurisdiction on the grounds that no case or controversy

---

[1] California allows for adding two additional years to the base term so long as the criteria for extended commitment are met. Cal. Penal Code § 1026.5.

1

remains because petitioner's custody has ended. (ECF No. 13.) Petitioner did not file an opposition. By order filed March 3, 2017, petitioner was ordered to show cause, within twenty-one days, why respondent's motion to dismiss should not be granted. The twenty-one day period has now expired, and petitioner has not shown cause or otherwise responded to the court's order.[2]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0791.fsc.hab

---

[2] Petitioner's copies of two prior orders and a clerk's notice (ECF Nos. 6, 10, 12) were returned as undeliverable by the U.S. Postal Service, but petitioner's copy of the order to show cause was not returned. Nevertheless, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.